RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 14a0192p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

N.W., a minor child, by and through his next friend and parents J.W. and J.W., et al.,

    *Plaintiffs-Appellees*,

*v.*

BOONE COUNTY BOARD OF EDUCATION et al.,

    *Defendants-Appellants*.

No. 13-6514

Appeal from the United States District Court
for the Eastern District of Kentucky at Covington.
No. 2:13-cv-00007—William O. Bertelsman, District Judge.

Argued: August 6, 2014

Decided and Filed: August 18, 2014

Before: MOORE and McKEAGUE, Circuit Judges; STAFFORD, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Mary Ann Stewart, ADAMS, STEPNER, WOLTERMANN & DUSING, PLLC, Covington, Kentucky, for Appellants. Karen H. Ginn, CHEVALIER, GINN & KRUER, P.S.C., Ft. Mitchell, Kentucky, for Appellees. **ON BRIEF:** Mary Ann Stewart, ADAMS, STEPNER, WOLTERMANN & DUSING, PLLC, Covington, Kentucky, for Appellants. Karen H. Ginn, CHEVALIER, GINN & KRUER, P.S.C., Ft. Mitchell, Kentucky, for Appellees. Mary Suzanne Cassidy, O'HARA, RUBERG, TAYLOR, SLOAN & SERGENT, Covington, Kentucky, for Amici Curiae.

---

[*]The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

1

No. 13-6514         *N.W. et al. v. Boone Cnty. Bd. of Educ. et al.*         Page 2

## OPINION

KAREN NELSON MOORE, Circuit Judge. N.W., by and through his parents, brought this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1482, arguing that the Boone County Board of Education and an assortment of individual defendants (collectively, "the District") had failed to offer a "free appropriate public education" ("FAPE") to N.W., as required by the IDEA. The district court ruled against N.W., but it nonetheless ordered the District to reimburse N.W.'s parents for the costs incurred as a result of N.W. attending a private school while the litigation played out. The District appeals this portion of the district court's ruling. Because the IDEA bars a district court from ordering reimbursement absent a finding that the school district failed to provide a FAPE, we **VACATE** this part of the district court's judgment.

### I. BACKGROUND

N.W. is a nine-year-old, autistic child, born in 2004, who has been diagnosed with apraxia.[1] In 2007, N.W.'s parents enrolled him in the District's schools when he was three years old. An Admissions and Release Committee ("ARC") determined that N.W. qualified for special-education services and placed him at St. Rita's School for the Deaf under an individual education program ("IEP"). At St. Rita's, a private school in Cincinnati, N.W. participated in a special program for children with apraxia, which included learning sign language.

In June 2010, N.W.'s parents became dissatisfied with the program at St. Rita's, removed N.W. from the school, and unilaterally placed him at Applied Behavioral Services ("ABS"), another private school in Cincinnati. N.W.'s parents requested that the District reimburse them for the tuition and transportation costs of N.W.'s attendance. The District convened an ARC in October 2010 and generated a new IEP. The District and N.W.'s parents, however, could not

---

[1] According to the National Institutes of Health, apraxia of speech "is a speech disorder in which a person has trouble saying what he or she wants to say correctly and consistently. It is not due to weakness or paralysis of the speech muscles (the muscles of the face, tongue, and lips)." National Inst. on Deafness & Other Communication Disorders, "Apraxia of Speech" (Nov. 2002), http://www.nidcd.nih.gov/health/voice/pages/apraxia.aspx.

No. 13-6514         *N.W. et al. v. Boone Cnty. Bd. of Educ. et al.*         Page 3

agree on placement—the District maintained that it could educate N.W. in its schools; N.W.'s parents wanted N.W. to remain at ABS. Unable to reach an agreement, the parties entered mediation.

Mediation resulted in a settlement agreement. The District agreed to reimburse N.W.'s parents for the tuition and transportation expenses incurred from August 19, 2010 to November 30, 2010. Additionally, the District agreed to pay a portion of N.W.'s tuition and transportation costs through the summer of 2011. N.W.'s parents, in turn, agreed to attend an ARC that would be tasked with creating a plan for N.W. to transition into the District's schools for the 2011–2012 school year. Moreover, "[t]he parties agree[d] and acknowledge[d] that this Agreement constitute[d] a settlement of [the] disputed claim[s]." Appellants App'x at 13 (Settlement Agreement). And "[n]either party ma[de] an admission as to educational placement, negligence, or violation of IDEA or Kentucky law." *Id.*

In the Spring of 2011, the District attempted to convene an ARC to develop a transition plan for N.W. N.W.'s parents repeatedly rescheduled. Eventually, the parties met and created a tentative transition plan. N.W.'s parents, however, balked at the plan's implementation and filed a due-process complaint on October 31, 2011. They alleged that the District's proposed plan would fail to provide N.W. a FAPE,[2] and N.W.'s parents requested a due-process hearing. In addition, they asked "[t]hat ABS be considered [N.W.'s] 'stay-put' placement." Appellants App'x at 3 (Due Process Compl.).

On March 12–13, 2012, the hearing officer convened a hearing at which N.W.'s father and various District representatives testified. The hearing officer issued his decision three

---

[2]The IDEA provides:

> The term "free appropriate public education" means special education and related services that—
>
> (A) have been provided at public expense, under public supervision and direction, and without charge;
>
> (B) meet the standards of the State educational agency;
>
> (C) include an appropriate preschool, elementary school, or secondary school education in the States involved; and
>
> (D) are provided in conformity with the individualized education program required under section 1414(d) of this title.

20 U.S.C. § 1401(9).

(4 of 12)

No. 13-6514         *N.W. et al. v. Boone Cnty. Bd. of Educ. et al.*         Page 4

months later and found that N.W.'s parents failed to prove that the District's plan would deny N.W. a FAPE. R. 4-1 at 11 (Due-Process Hr'g Dec.) (Page ID #41). However, the hearing officer also stated that "[t]he present IEP was being used while [N.W.] was attending ABS. [N.W.] continues to be a student at ABS during the pendency of this appeal. Under the situation here where the parties are disputing the transition plan, [N.W.] stays at ABS under 'stay put[.]'" *Id.* at 14 (Page ID #44) (citing *Casey K. ex rel. Norman K. v. St. Anne Cmty. High Sch. Dist. No. 302*, 400 F.3d 508 (7th Cir. 2005)). As a result, the hearing officer ordered the District to reimburse N.W.'s parents for the costs of N.W. attending ABS for 5.5 hours per day during the 2011–2012 school year. *Id.* at 15 (Page ID #45).

Both parties turned to the Exceptional Children Appeal Board ("ECAB"). The ECAB affirmed the hearing officer's determination that N.W.'s parents had failed to show that the District would not provide N.W. with a FAPE. R. 16-3 at 4 (ECAB Dec.) (Page ID #210). However, the ECAB also reversed the hearing officer's stay-put decision, holding that ABS was not N.W.'s "placement" because "no ARC decision or legal decision decided that placement at ABS was proper." *Id.* at 20 (Page ID #226).

In response, N.W.'s parents filed suit in the district court on behalf of their son, contending *inter alia* that the District's plan would fail to provide a FAPE and "[t]hat the [ECAB] incorrectly overturned the finding of the hearing officer that N.W.'s 'stay-put' placement was [ABS]." R. 1 at 8 (Compl. at ¶ 30) (Page ID #8). The district court, like the hearing officer and the ECAB, found that "N.W. ha[d] not established that the District's offer of placement at New Haven [a District elementary school with an autism-specific classroom] was inappropriate." R. 20 at 21 (D. Ct. Op.) (Page ID # 270). However, the district court also found that "N.W.'s operative placement under which he was actually receiving instruction at the time the dispute arose was ABS." *Id.* at 23 (Page ID #272). Consequently, the district court ordered the hearing officer's stay-put ruling to be reinstated and the District to reimburse N.W.'s parents for the cost of N.W. attending ABS. The district has appealed to this court; N.W.'s parents have not done so. *See* R. 22 at 1 (Notice of Appeal) (Page ID #276).

No. 13-6514          *N.W. et al. v. Boone Cnty. Bd. of Educ. et al.*          Page 5

## II.  ANALYSIS

### A.  Standard of Review

"A district court . . . reviews IDEA cases under a modified de novo standard, meaning that it may set aside administrative findings in an IDEA case 'only if the evidence before the court is more likely than not to preclude the administrative decision from being justified based on the agency's presumed educational expertise, a fair estimate of the worth of the testimony, or both.'"  *Bd. of Educ. of Fayette Cnty. v. L.M.*, 478 F.3d 307, 312–13 (6th Cir. 2007) (quoting *Berger v. Medina City Sch. Dist.*, 348 F.3d 513, 519 (6th Cir. 2003)).  "'Less weight is due to an agency's determinations on matters for which educational expertise is not relevant because a federal court is just as well suited to evaluate the situation.'"  *Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840, 849 (6th Cir. 2004) (quoting *McLaughlin v. Holt Pub. Sch. Bd. of Educ.*, 320 F.3d 663, 669 (6th Cir. 2003)).  "More weight, however, is due to an agency's determinations on matters for which educational expertise is relevant."  *Id.* (internal quotation marks omitted).

"[We], in turn, appl[y] a clearly erroneous standard of review to the district court's findings of fact and a de novo standard of review to its conclusions of law."  *Id.* at 850 (citing *Knable ex rel. Knable v. Bexley City Sch. Dist.*, 238 F.3d 755, 764 (6th Cir. 2001)).  "Mixed questions of law and fact, including the question of whether a child was denied a FAPE, are reviewed de novo."  *Id.* (citation omitted).  Statutory interpretation presents a question of law that we also review de novo.  *United States v. Coss*, 677 F.3d 278, 283 (6th Cir. 2012).

### B.  The IDEA Does Not Permit District Courts to Order Reimbursement Absent a Finding That a School District Failed to Offer a FAPE.

The district court concluded (1) that N.W.'s parents failed to show that the District denied N.W. a FAPE and (2) that N.W.'s parents unilaterally withdrew their child from the District's schools, yet the district court ordered the District to reimburse N.W.'s parents for the tuition and transportation costs incurred by N.W. attending ABS.  The District claims that the IDEA prohibits such an order of reimbursement.  Given the text and purpose of the IDEA, as well as relevant caselaw, we agree with the District and VACATE the district court's order of reimbursement.

No. 13-6514    *N.W. et al. v. Boone Cnty. Bd. of Educ. et al.*    Page 6

The IDEA states that "[it] does not require a local educational agency to pay for the cost of education, including special education and related services, of a child with a disability at a private school or facility if that agency made [a FAPE] available to the child and the parents elected to place the child in such private school or facility." 20 U.S.C. § 1412(a)(10)(C)(i). More specifically,

> [1] If the parents of a child with a disability, who previously received special education and related services under the authority of a public agency, enroll the child in a private elementary school or secondary school *without the consent of or referral by the public agency*, [2] a court or a hearing officer may require the agency to reimburse the parents for the cost of that enrollment [3] if the court or hearing officer *finds that the agency had not made a free appropriate public education available to the child* in a timely manner prior to that enrollment.

§ 1412(a)(10)(C)(ii) (emphasis added).

The first part of this subsection ("If the parents . . .") describes the general class of cases to which subsection (ii) applies. The second part ("a court or a hearing officer may. . .") is a grant of power to the adjudicators. The third part ("if the court . . .") sets forth a scenario in which it may be appropriate to award reimbursement. By expressly identifying one circumstance in which reimbursement may be required, the statute may be construed, under the principle of *expressio unius est exclusio alterius*, as implicitly prohibiting the courts from awarding reimbursement in other circumstances. *See, e.g.*, *POM Wonderful LLC v. Coca-Cola Co.*, 134 S. Ct. 2228, 2238 (2014) (applying the *expressio unius* canon); *TRW Inc. v. Andrews*, 534 U.S. 19, 28 (2001) (same); *but see Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003) (noting that it is not always appropriate to apply the canon). In this case, Congress's use of conditional phrasing ("if . . .") suggests that reimbursement is appropriate *only if* a court or agency finds that the school district did not make a FAPE available. This reading becomes even stronger when subsection (ii) is read in light of subsection (i), which states that public school districts do not need to pay for the private-school education of students if the district offers a FAPE. *See Roberts v. Sea-Land Servs., Inc.*, 132 S. Ct. 1350, 1357 (2012) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." (internal quotation marks omitted)).

No. 13-6514          *N.W. et al. v. Boone Cnty. Bd. of Educ. et al.*          Page 7

Moreover, Congress added subsection (ii) in 1997, *see Tucker ex rel. Tucker v. Calloway Cnty. Bd. of Educ.*, 136 F.3d 495, 500 (6th Cir. 1998), and in doing so, it appears to have explicitly codified Supreme Court dicta. In *School Committee of Burlington v. Department of Education of Massachusetts*, 471 U.S. 359 (1985), the Court had stated that "parents who unilaterally change their child's placement during the pendency of review proceedings, without the consent of state or local school officials, do so at their own financial risk." *Id*. at 373–74. Eight years later, the Court noted that "public educational authorities who want to avoid reimbursing parents for the private education of a disabled child can do one of two things: give the child a [FAPE] in a public setting, or place the child in an appropriate private setting of the State's choice. This is IDEA's mandate, and school officials who conform to it need not worry about reimbursement claims." *Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 15 (1993). Given this textual and contextual background, we read subsection (ii) to bar district courts from ordering reimbursement, absent a finding that the school district failed to provide a FAPE, when parents have unilaterally removed their child from the public schools.

In this case, N.W.'s parents have not appealed the district court's determinations (1) that they failed to prove the District's plan would not offer a FAPE, and (2) that N.W.'s parents unilaterally enrolled N.W. at ABS. Those factual findings remain undisturbed, and as a result, the district court's order of reimbursement is contrary to the clear intent of § 1412(a)(10)(C)(ii), as construed above. Consequently, we must **VACATE** the district court's decision to order reimbursement.

**C. The IDEA's "Stay-Put" Provision Does Not Apply to N.W.**

N.W.'s parents offer little response to the statutory argument discussed above; rather, they contend that the more-specific "stay-put" provision, 20 U.S.C. § 1415(j), in the IDEA governs this case. Based on the text of § 1415(j) and its accompanying regulations, as well as the consequences of N.W.'s parents' reading of the IDEA, we conclude that they are mistaken.

Section 1415(j) states:

> [D]uring the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if

No. 13-6514   *N.W. et al. v. Boone Cnty. Bd. of Educ. et al.*   Page 8

> applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

*See also* 34 C.F.R. § 300.518. N.W.'s parents contend that stay-put is mandatory; that N.W.'s "current educational placement" is ABS; and that because the IDEA allows N.W. to stay at ABS, the district court was correct to order the District to reimburse N.W.'s parents for the cost of attendance and transportation while N.W.'s parents challenged this action. The trouble with N.W.'s parents' argument (and the district court's decision) is the second step.

The IDEA does not provide a definition for "current educational placement." Faced with this problem, we would usually give the term its ordinary meaning. *See Ransom v. FIA Card Servs., N.A.*, 131 S. Ct. 716, 724 (2011) ("Because the [statute] does not define [the relevant word], we look to the ordinary meaning of the term."). The district court, in fact, took this approach by relying upon *Thomas v. Cincinnati Board of Education*, 918 F.2d 618 (6th Cir. 1990). R. 20 at 22–23 (D. Ct. Op.) (Page ID #271–72). *Thomas* gave "current educational placement" its "plain meaning" and held that the term "refers to the operative placement actually functioning at the time the dispute first arises." 918 F.2d at 625–26. The district court applied this definition and, in this case, found that N.W.'s current educational placement was ABS.

The problem with this finding and the district court's reliance upon *Thomas* is the fact that the Department of Education has defined "placement" in its regulations since *Thomas* was decided. *See* 34 C.F.R. § 300.116. This regulation states: "(b) The child's placement—(1) [i]s determined at least annually; (2) [i]s based on the child's IEP; and (3) [i]s as close as possible to the child's home . . . ." § 300.116(b). Moreover, "[t]he placement decision . . . [i]s made by a group of persons, including the parents, and other persons knowledgeable about the child, the meaning of the evaluation data, and the placement options." § 300.116(a). These definitions indicate that the school district must, in some fashion, approve of the placement decision and that the parents cannot unilaterally decide upon which school will serve as the child's "placement." Otherwise, there would be no reason to promulgate a regulation stating that the parents must have *some* involvement in determining the child's placement, *see* § 300.116(a), and that the placement will be "based on the child's IEP," *see* § 300.116(b). The *Thomas* court's approach may have been correct in 1990, but the Department of Education's promulgation of § 300.116

No. 13-6514   *N.W. et al. v. Boone Cnty. Bd. of Educ. et al.*   Page 9

renders that interpretation obsolete. *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982 (2005) ("A court's prior judicial construction of a statute trumps an agency construction otherwise entitled to *Chevron* deference only if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion.").[3]

Under this definition of "placement," which requires the school district to approve of the educational setting at some point, ABS does not qualify as N.W.'s "current educational placement." The District never agreed to N.W. attending ABS in an IEP, though the 2010 IEP notes that he was attending ABS. *See* Appellees App'x at 68. Moreover, the District maintained at all points in the dispute that New Haven Elementary, or another one of its schools that had an autism-specific classroom, would offer a FAPE. Thus, the district court erred in ordering the District to reimburse N.W.'s parents under the IDEA's stay-put provision.

N.W.'s parents offer several counterarguments, but we find none of them persuasive. First, N.W.'s parents contend that other circuits have affirmatively rejected an interpretation of "placement" that requires the school district's agreement. For support, they cite *Zvi D. v. Ambach*, 694 F.2d 904 (2d Cir 1982), and *Drinker ex rel. Drinker v. Colonial School District*, 78 F.3d 859 (3d Cir. 1996). *See* Appellees Br. at 7. These cases, however, are easily distinguished in several ways. One, these cases predate the Department of Education's regulation. Two, in both cases, the school districts had previously placed the student in— meaning that they approved of—the school that the children were claiming a right in which to stay put. *See Drinker*, 78 F.3d at 861; *Zvi D.*, 694 F.2d at 907. So, while these cases may have opined that the "[stay-put] provision is, in effect, an automatic preliminary injunction" in the situations before those courts, *Zvi D.*, 694 F.2d at 906, those cases do not require us to interpret "placement" in a similar fashion in this case.

Second, N.W.'s parents argue that using any placement besides ABS would result in absurdity because N.W.'s placement would be a school that he has never attended. *See*

---

[3] In *Thomas*, the panel justified its plain-meaning approach, in part, because "[n]either the [IDEA] itself nor its accompanying regulations define[d] the term 'placement.'" 918 F.2d at 625. This is hardly the clear statement required by *Brand X* for federal-court interpretations to preclude subsequent agency interpretations of the statute. *See Metropolitan Hosp. v. U.S. Dep't of Health & Human Servs.*, 712 F.3d 248, 255–56 (6th Cir. 2013).

No. 13-6514     *N.W. et al. v. Boone Cnty. Bd. of Educ. et al.*     Page 10

Appellees Br. at 8. Indeed, it would be odd to label New Haven Elementary as N.W.'s placement for stay-put purposes because it is logically dubious to stay in a school that you have never attended. The answer to this wrinkle, however, is that N.W.'s placement—for purposes of the stay-put provision—is the last agreed-upon school that N.W. attended: St. Rita's. The District and N.W.'s parents explicitly agreed to his placement there. *See* Appellants App'x at 1. Moreover, the IDEA allows for public school districts to agree to placements in private schools. *See* 20 U.S.C. § 1412(a)(10). Thus, classifying St. Rita's as N.W.'s placement comports with the statute and regulations, and it eliminates the alleged absurdity. Unfortunately for N.W.'s parents, it also undermines their argument that ABS is N.W.'s placement.

Finally, N.W.'s parents contend that—even under an interpretation of "placement" that requires the school district's approval—ABS is N.W.'s placement under the terms of the 2010 settlement agreement. *See* Appellees Br. at 8. The problem with this argument is the plain text of the agreement, which states: "Neither party makes an admission as to educational placement . . . ." Appellants App'x at 13. Consequently, this counterargument quickly evaporates.

In summary, even if 20 U.S.C. § 1412(a)(10)(C) does not apply to this situation, N.W. does not qualify for stay-put protection (and reimbursement) because his parents unilaterally enrolled him in ABS without the District's approval. Under IDEA and its accompanying regulations, the District's approval is necessary for N.W. to be "placed" at a school. Because N.W. was not "placed" at ABS, the district court erred in concluding that he qualified for stay-put reimbursement.

### III. CONCLUSION

For the foregoing reasons, we **VACATE** the district court's order of reimbursement.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 13-6514

N.W., a minor child, by and through his
next friend and parents J.W. and J.W., et al.,
    Plaintiffs - Appellees,

v.

BOONE COUNTY BOARD OF EDUCATION et al.,
    Defendants - Appellants.

> FILED
> Aug 18, 2014
> DEBORAH S. HUNT, Clerk

Before: MOORE and McKEAGUE, Circuit Judges; STAFFORD, District Judge.

## JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Kentucky at Covington.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION WHEREOF, it is ORDERED that the district court's order of reimbursement is VACATED.

                            ENTERED BY ORDER OF THE COURT

                            Deborah S. Hunt, Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: August 18, 2014

Ms. Mary Suzanne Cassidy
O'Hara, Ruberg, Taylor, Sloan & Sergent
25 Town Center Boulevard
Suite 201
Covington, KY 41017

Ms. Karen Hoskins Ginn
Chevalier, Ginn & Kruer
2216 Dixie Highway
Suite 202
Fort Mitchell, KY 41017

Ms. Mary Ann Stewart
Adams, Stepner, Woltermann & Dusing
40 W. Pike Street
Covington, KY 41012

          Re: Case No. 13-6514, *N.W., et al v. Boone County Board of Ed., et al*
              Originating Case No. : 2:13-cv-00007

Dear Counsel,

   The court today announced its decision in the above-styled case.

   Enclosed is a copy of the court's opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

                              Yours very truly,

                              Deborah S. Hunt, Clerk


                              Dixie Aerni
                              Deputy Clerk

Enclosures

Mandate to issue.